## * DR. A. BRILL v. OHIO HUMANE SOCIETY.

**1. ACT AUTHORIZING KILLING OF NEGLECTED ANIMALS IS INVALID.**

Section 3725a, Rev. Stat., which provides that "Any sheriff, constable, marshal, policeman, or agent of any society for the prevention of cruelty to animals, may kill, or cause to be killed, any animal found neglected or abandoned, and which, in the opinion of three reputable citizens, is injured or diseased past recovery, or by age has become useless," contravenes sec. 19, art. I. of the constitution, which protects the property of every individual, subject only to the public welfare, and provides for compensation when taken, no condition of the animal being described in said section such as would make her dangerous to the public health or safety.

**2. OWNER ENTITLED TO BE HEARD.**

But even if it were within the authority of the legislature to empower a person to kill an animal which came under the terms of sec. 3725a, yet it cannot impart to a determination of this sort a conclusive character, as against the owner, and legislation intending such result is fatal. The owner, for such acts, is entitled to be heard in a proper tribunal, and his rights of property determined.

ERROR to the Court of Common Pleas of Hamilton county.

Cox, J.

Plaintiff seeks to have reversed a judgment of the court of common pleas rendered against him. The action below was by Dr. Brill against the defendant for killing a mare belonging to him.

Defendants answer that it is a society for the prevention of cruelty to animals under the laws of Ohio, and that under said laws it may kill or cause to be killed any animal found neglected or abandoned, which in the opinion of three reputable citizens is diseased past recovery. And it alleges that "the horse in question was found by its agent, and diseased past recovery in the opinion of three reputable citizens, and beyond any doubt, and suffering greatly, and that she was worth nothing, and the agent killed her." The society seeks to defend under sec. 3725a, Rev. Stat., passed April 14, 1884, which is as follows: "Any sheriff, constable, marshal, policeman or agent of any society for the prevention of cruelty to animals, may kill or cause to be killed, any animal found neglected or abandoned, and which in the opinion of three reputable citizens is injured or diseased, past recovery, or by age has become useless."

One of the grounds of error is, that this answer does not contain facts sufficient to constitute a cause of action.

It is true, this answer does not bring the action of the defendant within the

---

* This case was cited by the circuit court in Archer v. Baertschi, 1 Ohio Dec., 458, 463. It was dismissed by the supreme court, for failure to file printed record, January 6, 1891.

statute. It simply alleges that the animal was found by its agent diseased, and in the opinion of three reputable citizens past recovery.

The statute prescribes in addition to this that the animal must be "found neglected or abandoned," and does not authorize any person to kill unless, in addition to being sick and past recovery or by age has become useless, it is also abandoned or neglected.

Had advantage been taken of the defect by demurrer, it doubtless would have been sustained by the court, and defendant ordered to amend. But such was not the case and the parties proceeded to the trial and introduced testimony upon all the issues which would have arisen under a proper answer. And we think it is now too late to raise the objection.

It is alleged that the court erred in overruling the motion of plaintiff for a new trial, on the ground that there was not sufficient testimony to sustain the verdict.

This error is well taken. The great weight of testimony proved that this animal was not "neglected or abandoned," but was furnished with proper care and attention in a brick stable having a double stall and sawdust bedding.

It is true the plaintiff did not procure a veterinary surgeon to attend her as requested by the agent of defendant, but being himself a physician, and accustomed to treat horses, prescribed suitable medicine and food, which were administered by his brother.

The mare was not suffering with any contagious disease, nor any disease or ailment which rendered her harmful or dangerous, or a nuisance. Her disease is stated by the veterinary surgeon, witness for defendant, to be that described and treated for by the plaintiff, to-wit, constipation of the bowels. She was evidently, from the testimony, improving, but as to whether she was curable or not, there was a conflict of testimony.

The agent of this Humane Society for the Prevention of Cruelty to Animals, in the afternoon of the 8th of August, 1888, took to his aid a police officer and a butcher, and without notifying the plaintiff (whose stable was in the rear of his business place, and where was the party who attended to the mare), opened the stable door, led the mare out, shot her and sent the carcass to the fertilizing company.

Even if this section of the statutes were constitutional, testimony does not show that the officer was justified in killing the mare, but on the contrary, a wanton exercise of power which was entirely foreign to that humanity which should be observed to that noblest of animals, the horse.

But we think this sec. 3725a, is in contravention of sec. 19, art. 1 of the constitution, which protects the property of every individual, and holds it subservient only to the public welfare, and provides that when taken, compensation shall be first made in money. There are many cases where under the police power of the state, property may be taken or destroyed, without previous trial or compensation; such as when it is detrimental to public order, safety or health. It may be destroyed to prevent the spreading of fire, floods, the ravages of a pestilence, the advance of a hostile army, or any other great public calamity; so, when it has become a nuisance, a mill-dam may be destroyed, or a cemetery closed; unwholesome provisions, animals with contagious diseases, dogs unmuzzled contrary to ordinance; and other analogous reasons. See Cooley on Constitutional Limitations, sec. 594, and following cases cited.

This is on the principle announced by Chief Justice Shaw in 7 Cus., 5, "that every holder of property, however absolute and unqualified may be his title, holds it under the implied liability that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property, nor injurious to the rights of the community.

But this section of the statute does not come within any of these exceptions. No danger is incurred by the public by reason of an incurably sick horse (not of a contagious disease, or one which makes him dangerous), or one useless by age,

even if he be neglected or abandoned, which would authorize a roving commission of a marshal, constable, or agent of a humane society to kill him without some judicial proceedings.

As is well remarked by Chief Justice Gray, 100 Mass., 140: "Beasts which have been thoroughly tamed, and are used for burden or husbandry, or for food, such as horses, cattle and sheep, are as truly property of intrinsic value, and entitled to the same protection as any kind of goods."

While all property is subject to be taken for the public good, there is, however, a distinction to be made between the exercise of the power of eminent domain and the distinction of property to meet an impending danger. The former can await the slow process of law but the latter is governed by necessity on which delay may be certain destruction. Mills on Eminent Domain, sec. 6; 50 Tex., 614.

But even if it were within the authority of the legislature to empower an officer to kill an animal which came under the terms of sec. 3725a, yet it cannot impart to a determination of this sort a conclusive character as against the property-owner, and legislation intending that result is futile. 10 Vroom, 122; 50 N. J. Law, 314.

The owner for such acts is entitled to be heard in a proper tribunal and all his rights of property determined.

The judgment of the court of common pleas will therefore be reversed, and the case remanded for further proceedings.

Coppock & Gallagher, for plaintiff in error.

E. P. Bradstreet, for defendant in error.